**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 25-72-DLB-CJS**

**MARINA DRUS**                                                                                      **PLAINTIFF**

**v.**                                         **MEMORANDUM ORDER**

**MICROSOFT CORPORATION**                                            **DEFENDANT**

\* \* \*    \* \* \*    \* \* \*    \* \* \*

By previous Memorandum Opinion and Order, entered on February 26, 2026, the Court granted Defendant Microsoft Corporation's Motion to Compel Arbitration and Stay Proceedings. (Doc. # 28 (granting Doc. # 19)). Plaintiff Marina Drus, through counsel, has now filed a Motion to Reconsider Memorandum Opinion and Order under Rule 54(b). (Doc. # 32). Microsoft responded to the Motion to Reconsider (Doc. # 37), and Drus replied (Doc. # 38). For the following reasons, Drus's Motion to Reconsider will be **denied.**

**I.      BACKGROUND**

The Court will not detail the complete factual and procedural background of this matter, as it has been previously discussed. On February 26, 2026, the Court entered a Memorandum Opinion and Order granting Microsoft's Motion to Compel Arbitration and Stay Proceedings. (Doc. # 28). Following entry of that Memorandum Opinion and Order, Drus made several filings, some without the assistance of counsel. (*See* Doc. # 29; Doc. # 31). Because parties in federal court have no right to hybrid representation, those motions were denied without prejudice. (Doc. # 30; Doc. # 34).

1

Drus, with the assistance of counsel, then filed a motion asking the Court to reconsider its Memorandum Opinion and Order that compelled the parties to arbitration and stayed these proceedings.  That Motion to Reconsider (Doc. # 32) has been briefed (Docs. # 37, # 38) and the matter stands submitted for review.

## II.    ANALYSIS

### A.    Standard of Review

Through her Motion, Drus asks the Court to reconsider its Memorandum Opinion and Order (Doc. # 28) that granted Microsoft's Motion to Compel Arbitration and Stay Proceedings.  The Court's prior decision is interlocutory in nature.  *See Preferred Care of Delaware, Inc. v. Estate of Hopkins by and through Hopkins*, 845 F.3d 765, 768 (6th Cir. 2017); *see also* 9 U.S.C. § 16.  "The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders." *Swift Enters., LLC v. TruNorth Warranty Plans of N. Am., LLC*, No. 1:21-cv-146, 2022 WL 19403603, at *1 (E.D. Tenn. Dec. 15, 2022) (internal quotation marks omitted).  Even so, district courts "have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Id.* (internal quotation marks omitted).

Such motions to reconsider may also be brought pursuant to Federal Rule of Civil Procedure 54(b),[1] as Drus has done here.  *See id.*; *see also BLC Lexington SNF, LLC v.*

---

[1] Rule 54(b) states in relevant part that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

*Townsend*, 171 F.4th 788, 796 (6th Cir. 2026) (reviewing district court's denial of motion to reconsider an order compelling arbitration and observing Rule 54(b) governs). "District courts have discretion to reconsider interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *BLC Lexington SNF*, 171 F.4th at 796 (internal quotation marks omitted).

### B.    Reconsideration is Not Warranted

Drus purports to challenge the Court's Memorandum Opinion and Order entered on February 26, 2026, on several grounds (*see, e.g.*, Docs. # 32, # 38). However, her arguments are largely restatements of the same position: Drus's belief that the Court erred by determining Microsoft was a third-party beneficiary (under Kentucky law) that could seek to enforce the contract between Insight Global and Drus and could seek to compel this case to arbitration.

To begin, Drus argues that the Court failed to engage in "a neutral state-law analysis of whether a non-signatory may enforce an arbitration clause" and suggests the Court engaged in a federal "dice-loading" rule in favor of arbitration. (*See* Doc. # 32 (citing *AtriCure, Inc. v. Meng*, 12 F.4th 516, 520 (6th Cir. 2021)). But the Court did not review the record and conclude Microsoft was a third-party beneficiary because of any federal policy favoring arbitration. Instead, it explained that it must look to state law (here, Kentucky) to determine whether Microsoft, as a nonparty, could enforce or be bound by the arbitration agreement, and answered that question in the affirmative (*see* Doc. # 28 at 11 (quoting *AtriCure*, 12 F.4th at 525)). The Court fails to see how following the analysis required by the case law (i.e., looking to state law) was a legal error. *See*

3

*generally ORG Holdings Ltd. v. BMW Fin. Servs. NA, LLC,* No. 24-3929, 2025 WL 2419621, at *3 (6th Cir. Aug. 21, 2025) ("State contract law determines whether a non-signatory . . . may compel arbitration.").

Next, Drus argues that the Court improperly determined (under Kentucky law) that Microsoft is a third-party beneficiary. (*See* Doc. # 32 at 6). In Drus's view, Microsoft is only an incidental beneficiary who cannot enforce the contract. (*See id.*). In this context, Drus argues that the Court "intertwined two entirely different concepts under Kentucky contract law"—(1) receiving some practical or commercial benefit from a contract's existence; and (2) being the intended recipient of the performance of the specific contractual promise to be enforced—by applying the first concept and labeling it as the second. (Doc. # 38 at 3). Here, she relies on *Presnell Construction Managers, Inc. v. EH Construction, LLC*, 134 S.W.3d 575, 569 & n.12 (Ky. 2004) (opinion), to argue that, "[u]nder Kentucky law a non-signatory qualifies as an intended third-party beneficiary only where the contracting parties intended that non-signatory to **receive the performance** of the specific contractual promise it seeks to enforce." (Doc. # 38 at 3-4 (emphasis in original)).

However, a close reading of the case law upon which Drus relies reveals only general rules under Kentucky law regarding third-party beneficiaries. In other words, cases like *Presnell* do not stand for the proposition that a non-signatory must be contemplated to benefit from the *specific contractual promise* sought to be enforced. Instead, for example, in *Presnell*, the Supreme Court of Kentucky explained:

> It is well established that a third person may, in his own right and name enforce a promise made for his benefit even though he is a stranger both to the contract and to the consideration. But, not every contract will give one who is not privy thereto a right of action therein, even though such third

4

party might have received a benefit from the completion of the contract. Only a third-party who was intended by the parties to benefit from the contract, namely, a donee or a creditor beneficiary, has standing to sue on a contract; an incidental beneficiary does not acquire such right.

*Presnell*, 134 S.W.3d at 579 (cleaned up). This language, on its own, discusses the intent of the parties for a third party to benefit *from a contract*.

Drus's reliance on the distinction found in Kentucky case law between "donee and creditor beneficiaries" is similarly lacking. Drus quotes from *Presnell* to define a creditor beneficiary as being "one for whom 'the promisee's expressed intent is that the third party is to receive the performance of the contract.'" (Doc. # 32 at 6-7 (quoting *Presnell*, 134 S.W.3d at 579)). But that language, again, discusses the performance *of a contract*. And importantly, in this case, the Contract Employee Agreement between Drus and Insight Global specifically acknowledges that it is made "*for Microsoft*." (Doc. # 9-4 at 2 (emphasis added)).

In the same vein, Drus's reliance on *ORG Holdings Ltd.*, 2025 WL 2419621, at *2, is misplaced. For one, it applies substantive Ohio law. *See id.* at *3 (recognizing "[s]tate contract law determines whether a non-signatory such as BMWFS may compel arbitration" and applying Ohio law). For another, and even more importantly, that case is factually distinct, as the third party in *ORG Holdings was not* contemplated by the parties' agreement as being a third-party beneficiary. *See id.* at *1 ("The checked box designated the role of "Lessor's assignee" to FSVT in connection with Plaintiff's Lease, as opposed to BMWFS.").

Drus also argues that "Microsoft cannot enforce the arbitration agreement as a third-party beneficiary because the contract text demonstrates Insight Global deliberately excluded Microsoft from the arbitration promise." (Doc. # 38 at 3; *see also* Doc. # 32 at

5

7-13).  In this case, it is true that the arbitration provision does not specifically reference Microsoft, but that fact alone does not undercut a finding that Microsoft was an intended beneficiary *to the contract*.  *See Presnell*, 134 S.W.3d at 579.

Because Drus has failed to show a clear error in the Court's prior ruling, her Motion to Reconsider (Doc. # 32) will be denied.  Still, the Court makes two final observations. First, because Microsoft was an intended third-party beneficiary under Kentucky law, it could move to compel arbitration, and the Court therefore (again) does not reach the question of equitable estoppel.  Second, any request by Microsoft to limit Drus's ability to make appropriate filings will be denied at this time.  (*See* Doc. # 37 at 2).  However, the Court does remind Drus that because she is represented by counsel, any motions must be made through her attorney.

## III.    CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Drus's Motion to Reconsider Memorandum Opinion and Order Under Rule 54(b) (Doc. # 32) is **denied.**

This 11th day of August, 2026.

Signed By:

David L. Bunning

Chief United States District Judge

6